# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

FRANKIE ADKINS,

        Plaintiff,

v.                                               CIVIL ACTION NO. 3:17-2772

CELLCO PARTNERSHIP, INC.
d/b/a VERIZON WIRELESS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Partial Motion to Dismiss (ECF No. 6) pursuant to Federal Rule 12(b)(6). Defendant filed an Answer on May 12, 2017 (ECF No. 5) but did not file this Motion until May 24, 2017. As Defendant filed its Motion after its responsive pleading, Defendant's Motion is untimely. However, Federal Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted … may be raised … by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2). Accordingly, the Court converts Defendant's Motion to Dismiss into a Motion for Judgment on the Pleadings pursuant to Federal Rule 12(c). For the following reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 6) for Counts II and III.

    **I.**     **Background**

Plaintiff filed suit against Defendant for alleged sex and disability discrimination in the workplace that culminated in Plaintiff's termination. *See Pl.'s Compl.*, ECF No. 1-1. Plaintiff began working for Defendant in the fall of 2006, holding positions of senior representative, sales

representative, and experience specialist at different points during his employment. *Id.* at ¶¶ 7-8. In January of 2016, Plaintiff's supervisor advised Plaintiff to attend speech therapy. *Id.* at ¶ 10. The supervisor indicated that Plaintiff's speech prevented Defendant from promoting and otherwise advancing Plaintiff within the company. *Id.* at ¶ 11. Although Plaintiff had not been diagnosed with any speech impediment, Plaintiff began attending speech therapy sessions to comply with Defendant's request and secure his continued employment. *Id.* at ¶¶ 12-13. Plaintiff attended five sessions before quitting due to the expense of the sessions. *Id.* at ¶¶ 14-15. However, when asked by Plaintiff's supervisor about the status of Plaintiff's speech therapy, Plaintiff said he continued attending sessions, explaining that Plaintiff feared he would lose his job if Defendant knew he stopped. *Id.* at ¶ 16. Plaintiff later sought a promotion but Defendant refused, blaming errors made by Plaintiff's co-workers. *Id.* at ¶¶ 17-18.

In the fall of 2016, Plaintiff allegedly learned of an exchange of sexually explicit photographs between the manager of Defendant's Ashland, Kentucky store and one of the female employees. *Id.* at ¶ 23. During this same period, Defendant eliminated various positions at the stores in Kentucky and West Virginia. *Id.* Plaintiff believed that he had the most experience and was the most qualified employee at Defendant's store. *Id.* at ¶ 24. However, Defendant terminated Plaintiff and retained the female employee and supervisor who had exchanged the sexually explicit photographs. *Id.* at ¶ 25.

Plaintiff's Complaint alleges three causes of action for the alleged discriminatory conduct. Count I alleges that Defendant regarded Plaintiff as having a disability and intentionally discriminated Plaintiff for that disability with disciplinary action and termination. *Id.* at ¶¶ 28-36. Count II alleges a common law cause of action for wrongful discharge in violation of public

policy, citing disability and sex discrimination.[1]  *Id.* at ¶¶ 37-47.  Count III alleges that Defendant's actions in terminating Plaintiff amounted to a case of outrage—or intentional infliction of emotional distress.  *Id.* at ¶¶ 48-52.  Plaintiff requests actual damages, compensatory damages, punitive damages, and attorney's fees and costs.  *See generally id.*

## II.    Legal Standard

In analyzing a party's motion for judgment on the pleadings pursuant to Federal Rule 12(c), the Fourth Circuit has indicated that the applicable standard is the same as a motion to dismiss pursuant to Federal Rule 12(b)(6), noting that the "distinction is one without a difference." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).  To overcome a motion for judgment on the pleadings, a complaint must be plausible.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (internal quotations and citations omitted).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*,

---

[1] Plaintiff does not directly phrase any of his claims in terms of sex discrimination. However, Plaintiff alleges that Defendant treated Plaintiff differently than the less experienced female employee who engaged in or accepted sexually explicit images with the supervising staff at Defendant's store.  The Court, thus, construes these facts as making a claim for sex discrimination.

550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion [for judgment on the pleadings] we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. Discussion

Defendant's Motion for Judgment on the Pleadings challenges Count II and Count III of Plaintiff's Complaint. *See Def.'s Mem. of Law in Supp.*, ECF No. 7. Count II alleges a common law cause of action for wrongful discharge in violation of public policy, and Count III alleges a common law cause of action for outrage. *See Pl.'s Compl.*, ECF No. 1-1. Defendant argues that neither cause of action states a plausible claim because both are superseded by the West Virginia Human Rights Act (WVHRA). *See Def.'s Mem. of Law in Supp.*, ECF No. 7, at 1. Plaintiff argues that the statutory scheme under the WVHRA does not preclude common law causes of action. *See Pl.'s Resp.*, ECF No. 8, at 1.

#### a. Wrongful Discharge in Violation of Public Policy

West Virginia generally follows the common law rule that an employer can terminate an employee at will without explanation. *See Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 275 (W. Va. 1992). However, the Supreme Court of Appeals of West Virginia in *Harless* recognized that when "the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." *Id.* This exception forms the cause of action for wrongful discharge in

violation of public policy. To prevail on this claim, the plaintiff must establish that a substantial public policy exists. *Wounaris v. W. Va. State Coll.*, 588 S.E.2d 406, 413 (W. Va. 2003). Once established, the plaintiff must show by a preponderance of the evidence that the "discharge was motivated by an unlawful factor contravening that policy." *Id.* (citation omitted). The defendant will incur liability on the discharge unless the defendant can demonstrate by a preponderance of the evidence that the employee would have suffered the same termination absent an unlawful motive. *Id.*

Defendant argues that Plaintiff cannot maintain a cause of action for wrongful discharge in violation of public policy because the WVHRA supersedes that common law claim. *Def.'s Mem. of Law in Supp.*, ECF No. 7, at 3-5. The courts in this district have largely recognized that when a statutory scheme provides a public policy and a private cause of action for a violation of that policy, the plaintiff cannot bring a claim under the common law *Harless*-type action. *See Talley v. Caplan Ind., Inc.*, Civ. No. 2:07-67, 2007 WL 634903, at *2 (S.D.W. Va. Feb. 26, 2007) (citing various cases from the Southern District of West Virginia prohibiting *Harless* actions). The WVHRA undisputedly details the state's public policy against discrimination based on disability and sex. *See* W. Va. Code § 5-11-9. The WVHRA also provides for a civil cause of action to bring claims against companies that fail to follow the provisions. *See* W. Va. Code § 5-11-13. Plaintiff acknowledges the WVHRA's private cause of action as Count I of the Complaint alleges a WVHRA violation.

Plaintiff, however, argues that recent case law has called this district's interpretation into question. *Pl.'s Resp.*, ECF No. 8, at 4-6. In *Williamson v. Greene*, the Supreme Court of Appeals of West Virginia held that a plaintiff can maintain a common law wrongful discharge in violation of public policy claim when the employer did not employ twelve or more persons to qualify under

the WVHRA. 490 S.E.2d 23, 33 (1997). Citing the decision in *Williamson*, the court reversed the trial court's dismissal of the common law claim in *Roth v. DeFeliceCare, Inc.*, allowing claims under the WVHRA and common law to continue. 700 S.E.2d 183, 191 (W. Va. 2010). The court determined that the West Virginia pleading standards require a court to consider all viable grounds to maintain an action at the motion to dismiss stage. *Id.* This string of cases assisted this Court's analysis in *Vandevander v. Verizon Wireless, LLC*. 149 F. Supp. 3d 724 (S.D.W. Va. 2016). In that case, this Court analyzed whether the Family Medical Leave Act (FMLA) preempted state law claims including the *Harless*-type common law actions. *Id.* at 728. Finding that a plaintiff could maintain a FMLA claim and a common law claim for retaliatory discharge, the Court cited both *Williamson* and *Roth* for support. *Id.* at 730-31.

Even though these cases stand for the proposition that *Harless*-based actions can continue with corresponding statutory protections, the Court finds that these cases are not dispositive to the instant case. The plaintiff in *Williamson* could continue with a common law cause of action because the employer could not be held liable under the WVHRA. *Williamson*, 490 S.E.2d at 33. In *Roth*, the Supreme Court of Appeals of West Virginia focused on the liberal pleading standards available in state court. *Roth*, 700 S.E.2d at 189-92. The court recognized that federal pleading standards are more stringent and require sufficient factual matter to plead a plausible claim. *Id.* at 189 n.4. The Northern District of West Virginia and this district have continued to dismiss the *Harless*-based actions when a statutory remedy is available to the plaintiff, and this Court is not convinced that *Roth* changes that analysis.[2] Moreover, this Court's decision in *Vandevander* was

---

[2] Former Chief Judge Haden discussed the developing line of authority at the Supreme Court of Appeals of West Virginia in *Burgess v. Gateway Comm'ns, Inc.-WOWK TV*, 984 F. Supp. 980, 983 n. 5 (S.D.W. Va. 1997). This Court agrees with Judge Haden's interpretation that the federal courts should follow *Guevara* and *Taylor* until the Supreme Court of Appeals of West Virginia explicitly disavows or mentions the federal courts' analysis. *Id.* Both *Williamson* and

based on the interpretation of the FMLA rather than a state statutory remedy for anti-discrimination practices. This Court specifically discussed the interpretation of the FMLA, detailing that Congress did not intend to preempt corresponding state laws. *Vandevander*, 149 F. Supp. 3d at 728. Unlike the FMLA, the WVHRA provides the anti-discrimination public policy for the state and a private cause of action for citizens to seek remedies when the WVHRA is violated. No cases in West Virginia had established that a plaintiff could not maintain a FLMA claim and a common law retaliatory discharge claim, so this Court permitted both claims in that case to advance. *Id.* at 729.

However, courts in this district and the Northern District of West Virginia have interpreted the law repeatedly as preventing a plaintiff from maintaining both a *Harless*-based common law action and a WVHRA claim based on the same conduct. *See Burgess v. Gateway Comm'ns, Inc.-WOWK TV*, 984 F. Supp. 980, 983 (S.D.W. Va. 1997) ("A victim of unlawful discrimination is limited to the remedy afforded him under the [WVHRA]"); *Knox v. Wheeling-Pittsburgh Steel Corp.*, 899 F. Supp. 1529, 1535-36 (N.D.W. Va. 1995) ("It is a well-established principle that federal and state anti-discrimination laws, such as Title VII and the [WVHRA], preempt *Harless*-type, tort-based actions for discriminatory treatment in the workplace."); *Taylor v. City Nat'l Bank*, 642 F. Supp. 989, 998 (S.D.W. Va. 1986) ("This Court has previously decided that a party may not bring a *Harless*-type, tort-based action to gain redress for violations of the [WVHRA]"); *Guevara v. K-Mart Corp.*, 629 F. Supp. 1189, 1192 (S.D.W. Va. 1986) ("a *Harless*-type action may not be substituted for an action under the [WVHRA]"). "[A] *Harless* cause of action is superfluous when a public policy is enforceable by a statutory cause of action." *Jackson v. Vaughn*, No. 1:15CV128, 2015 WL 6394510, at *3 (N.D.W. Va. Oct. 22, 2015). Although courts

---

*Roth* fail to mention any of the federal court cases cited as pertinent case law herein.

have recognized exceptions and limitations, until the precedent of this district is disavowed, this Court will dismiss common law claims when corresponding WVHRA claims remain actionable against the defendant.

The purpose of the *Harless*-based claim was to prevent the termination of employees when such termination contravened substantial public policy, specifically when no other private cause of action could enforce the public policy at issue. *See Hope v. Bd. of Dirs. Of Kanawha Pub. Serv. Dist.*, No. 2:12-CV-6559, 2013 WL 3340699 (S.D.W. Va. July 2, 2013) (dismissing *Harless* claim when West Virginia Whistle-blower Law provided mechanism for suit); *see also Hill v. Stowers*, 680 S.E.2d 66, 76 (W. Va. 2009) (explaining that *Harless* established a common law cause of action "because there was no other mechanism available to enforce the public policy at issue"). Here, the WVHRA provides Plaintiff with the anti-discrimination public policy covering both sex and disability and the remedy for alleged violations. Accordingly, the Court agrees with Defendant's analysis that Plaintiff cannot state a plausible claim for wrongful discharge in violation of public policy when the WVHRA applies to Defendant and covers the same factual conduct. Therefore, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings for Count II.

### b. Outrage

Plaintiff's claim in Count III alleges that Defendant's actions intentionally caused Plaintiff emotional distress for the outrageous conduct regarding Plaintiff's termination. *Pl.'s Compl.*, ECF No. 1-1, at ¶¶ 48-52. Although Defendant argues that the same analysis from the wrongful discharge in violation of public policy applies to this claim, the Court recognizes that a plaintiff can successfully plead a cause of action for both WVHRA claims and outrage. *See Jackson*, 2015

WL 6394510, at *3-4 (dismissing wrongful discharge claim but analyzing outrage claim under common law elements).

In West Virginia, a plaintiff must establish four elements for an outrage claim: (1) "that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;" (2) that the defendant intended to cause the emotional distress; (3) that the plaintiff suffered emotional distress; and (4) that the emotional distress "was so severe that no reasonable person could be expected to endure it." *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998). "Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination." *Id.* at 428. In an employment termination context, a plaintiff can plead a successful claim against an employer for "distress result[ing] from the outrageous manner by which the employer effected the discharge." *Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219, 225 (W. Va. 1994). If the distress stems from the fact that the plaintiff was terminated rather than improper conduct when terminated, the plaintiff can only bring a claim for wrongful discharge and not outrage. *Id.*

Here, Plaintiff alleges that Defendant acted intentionally to cause Plaintiff emotional distress and fear. *Pl.'s Compl.*, ECF No. 1-1, at ¶¶ 50-51. However, the Complaint is devoid of factual allegations to support an outrageous manner of termination. Plaintiff merely alleges that Defendant terminated Plaintiff when Plaintiff was the most qualified employee for the position, citing sex and disability discrimination. The most outrageous conduct contained in the Complaint involves the sexually explicit photographs that were secretly shared with Plaintiff, but Plaintiff admits that Defendant did not have knowledge that Plaintiff was aware that Plaintiff saw the pictures. *See id.* at ¶ 22 (stating that Plaintiff never reported seeing the pictures). Plaintiff also fails to include any factual circumstances surrounding the actual manner of discharge. An outrage

claim is a "difficult fact pattern to prove," and Plaintiff has provided sparse information for the Court to find reasonably outrageous conduct. *Hines v. Hills Dep't Stores, Inc.*, 454 S.E.2d 385, 390 (W. Va. 1994). As plead, the Complaint cannot survive a motion to dismiss based on the high level of outrageousness required under West Virginia law. The Court, thus, **GRANTS** Defendant's Motion for Judgment on the Pleadings for Count III.

## IV. Conclusion

Accordingly, the Court finds that Plaintiff cannot state a plausible claim for Counts II and III. The Court, therefore, **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 6) for these counts.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 11, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE